1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL CHOUINARD, et al., | ) | 1:03cv5284 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION TO EXPAND SCOPE OF |
| Plaintiffs, | ) | DESIGNATED EXPERTS' TESTIMONY |
| | ) | |
| v. | ) | (Document 110-1) |
| | ) | |
| | ) | |
| J.T. EATON, CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

         On October 20, 2006, Plaintiff Michael Chouinard filed the instant motion to expand the scope of the designated experts' testimony.  Pursuant to Local Rule 78-230(h), the Court deems the matter appropriate for decision without oral argument.

### BACKGROUND

         Plaintiffs Michael and Anita Chouinard filed this action on March 7, 2003, alleging numerous claims for relief stemming from Michael Chouinard's purchase and use of Defendant Eaton's product known as "Answer for the Control of Pocket Gophers."  Defendant moved to dismiss on April 15, 2003, and on July 7, 2003, the Court granted the motion with leave to amend.  The Court found that Plaintiffs' "failure to warn" claims were preempted by federal law.

27
28

1   Plaintiffs filed their First Amended Complaint on August 6, 2003.  Defendant again

2   moved to dismiss, which resulted in the dismissal of six preempted claims, including claims

3   based on an alleged failure to warn.

4   On September 8, 2004, Plaintiff disclosed Stuart Parsons, Ph.D., and Loren Hov, P.E., as

5   expert witnesses.  Mr. Parsons was deposed on January 21, 2005, and Mr. Hov was deposed on

6   February 21, 2005.

7   Shortly thereafter, on April 27, 2005, the Supreme Court decided Bates v. Dow

8   Agrosciences, 544 U.S. 431 (2005).  Bates effectively undermined the authority upon which the

9   Court dismissed Plaintiffs' failure to warn claims.  On May 27, 2005, Plaintiffs brought a motion

10  to file a Second Amended Complaint.  The motion was granted on November 3, 2005, and

11  Plaintiffs were allowed to amend their complaint to allege the failure to warn claims.

12  By this motion and based on the filing of the Second Amend Complaint pursuant to

13  Bates, Plaintiffs request that the Court issue an order to clarify that Plaintiffs' experts may testify

14  at trial regarding the issue of failure to warn.

15  On November 13, 2006, Defendant filed a limited opposition in which it agreed to allow

16  the expansion of testimony but set forth three requests relating to the supplemental reports and

17  depositions.  Plaintiffs replied to these requests on November 22, 2006.

18  <u>ANALYSIS</u>

19  Defendant does not oppose the merits of Plaintiffs' motion.  Accordingly, Plaintiffs'

20  motion to expand the scope of the testimony of Mr. Parsons and Mr. Hov to include the failure to

21  warn issue is GRANTED.

22  The parties do, however, disagree on related timing and fee issues.  As to the timing

23  issues, the experts' supplemental reports shall be provided to Defendant within thirty (30) days of

24  the date of service of this order.  The depositions shall take place at Defendants' office, in

25  Sacramento, California, within thirty (30) days of the date of service of the supplemental reports.

26  These time requirements are reasonable given the fact that the experts have not yet undertaken a

27  full analysis of the failure to warn issues.

28

2

Regarding the fee issues, Defendants contend that Plaintiffs should bear all expert fees, court reporting costs and fees associated with the depositions.  Plaintiffs believe that such an arrangement would be unjust given the fact that the amendment and inclusion of the failure to warn claims resulted from a subsequent change in the law, rather than an act of Plaintiffs.  In the spirit of reciprocating a courtesy, Plaintiffs offer to pay for one half of the total costs (including normal depositions costs and time costs for the experts involved).

While Plaintiffs are correct that the change in law was out of their control, Plaintiffs did decide that they needed to subsequently amend their complaint.  At the time of the amendment in November 2005, Defendants had already expended time and money to depose Plaintiffs' experts. Therefore, in balancing the interests of both parties, the Court finds that Plaintiffs shall pay half of the deposition expenses, as offered in their reply, and Defendants shall pay the remaining half.

ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion to expand the scope of their experts' testimony is GRANTED.  Supplemental reports shall be provided to Defendants within thirty (30) days of the date of this order.  Supplemental depositions shall take place at Defendants' office within thirty (30) days of service of the supplemental reports.  As outlined above, each party shall bear half of the deposition expenses.


IT IS SO ORDERED.

**Dated:   December 1, 2006**          _____ **/s/ Dennis L. Beck** _____
3b142a                                                UNITED STATES MAGISTRATE JUDGE